## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN HIRSCH,                    )

                                 )

        Plaintiff,          )

                                 )     Case: 1:17–cv–00723      (F-Deck)

   v.                      )     Assigned To : Unassigned

                                 )     Assign. Date : 4/19/2017

VICE PRESIDENT MICHAEL PENCE, *et al.*,   )     Description: Pro Se Gen. Civil

                                 )

        Defendants.     )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The application will be granted, and the complaint will be dismissed.

The complaint refers to the incident during which Senator Elizabeth Warren of Massachusetts, pursuant to Senate Rule 19 Section 2, was directed to discontinue reading a letter written by the late Coretta Scott King regarding the qualifications of then-Senator Jeff Sessions. *See* Compl. at 4. Plaintiff brings this action against the Vice President in his capacity as President of the United States Senate and Senator Mitch McConnell in his capacity as Senate Majority Leader. *See id.* at 1. He alleges that the defendants violated Senator Warren's First Amendment rights, *see id.* at 4, and demands "that Senate Rule 19 Section 2 be struck down . . . on the ground[] that it is unconstitutional . . . on its face." *Id.* at 5.

"So-called 'Article III standing' has three requirements: (1) the plaintiff has suffered 'an injury in fact,' (2) that injury bears a causal connection to the defendant's challenged conduct, and (3) a favorable judicial decision will likely provide the plaintiff with redress from that injury." *Hollander v. McCain*, 566 F. Supp. 2d 63, 67 (D.N.H. 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "Article III of the United States Constitution limits

the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). A party has standing for purposes of Article III if his claims "spring from an 'injury in fact' -- an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Standing may be denied to a litigant who seeks to assert the rights of a third party. *Navegar*, 103 F.3d at 998. In the instant action, plaintiff lacks standing to assert claims on behalf of Senator Warren. Therefore, the complaint must be dismissed.

An Order consistent with this Memorandum Opinion is issued separately.

DATE: 4-11-17

_____
United States District Judge
J. Rossbery